UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL BEEF PROCESSORS, INC. and PHILLIP L. KUNKEL, ESQ., as Trustee for the GFI America, Inc. Bankruptcy Estate, | ) ) ) ) ) | CIV. 04-5005-KES |
| Plaintiffs, | ) ) | ORDER DENYING DEFENDANTS' MOTION TO |
| vs. | ) ) | DISMISS |
| ROYAL INDEMNITY COMPANY, a Delaware stock company; and GAB ROBINS NORTH AMERICA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

Defendant GAB Robins North America, Inc. (GAB) moves to dismiss plaintiffs' claims. Defendant Royal Indemnity Company (Royal) joined the motion. Plaintiffs oppose the motion. The motion is denied.

## FACTUAL BACKGROUND

On December 1, 2004, GAB moved to compel production of documents and responses to interrogatories, and for sanctions. Docket 97. GAB asserted that plaintiffs failed to produce copies of documents and other tangible items in their possession in accordance with Rule 26(a). GAB further asserted that plaintiffs failed to fully and properly respond to GAB's interrogatories. Docket 98, at 2. With respect to the request for production of documents, plaintiffs responded that they provided a descriptive list by

category of documents that plaintiffs had in their possession which related to their claims and also stated that such documents would be available for inspection at a mutually convenient time and place.  With respect to the responses to interrogatories, plaintiffs maintained that defendants failed to set forth specific references to interrogatories that plaintiffs had allegedly failed to adequately answer.  Docket 104, at 4-5, 13.  On December 2, 2004, Royal also filed a motion to compel production of documents and response to interrogatories.  Docket 101.  On January 7, 2005, the court held a telephonic hearing and granted GAB's motion to compel with regards to Interrogatory Nos. 7, 8, 9, 10, 14, 15, 16, 17, 18, 19, and 22.  Docket 110.  The court also granted Royal's motion to compel with regards to supplementation of Interrogatories Nos. 1, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 18.  Docket 112.  Based upon the parties' agreement to allow defendants to inspect and copy plaintiffs' documents on January 24-25, 2005, the court denied as moot both GAB's and Royal's motions to compel with respect to the production of documents.  Docket 110, Docket 112.

On September 19, 2005, Royal moved to compel plaintiffs to produce responsive documents and a privilege log to Royal's Second Set of Request for Production of Documents and Third Set of Request for Production of Documents.  Docket 182.  Before the court could rule on Royal's motion to compel, a stay was ordered on November 18, 2005, by reason of an

involuntary petition in bankruptcy having been filed against one of the plaintiffs in this case, GFI America, Inc. (GFI). Docket 202. Despite the order to stay, defendants inspected plaintiffs' documents in January 2005 in Minneapolis, Minnesota. Docket 269, at ¶ 6.

On May 11, 2007, the court vacated the stay and Phillip L. Kunkel, Esq., as trustee for the bankruptcy estate of GFI, was substituted as a party plaintiff in the case. Docket 228. Thereafter, the court held a telephone conference with counsel for the parties on June 4, 2007. During that telephone conference, Royal asked the court to rule on its September 19, 2005, motion to compel. Plaintiffs' new counsel, who was admitted to participate in all proceedings of this case on April 23, 2007, asked for the opportunity to attempt to come to an agreement with defendants on the issues raised in that motion. Docket 217, 229. Subsequently, Royal withdrew without prejudice its motion to compel and, consequently, on July 18, 2007, the court denied Royal's motion to compel without prejudice. Docket 235. Due to the parties' agreements, defendants inspected plaintiffs' documents on August 8, 9, and 10, 2007, in Minneapolis, Minnesota; and on September 10, 11, 12, and 13, 2007 in Minneapolis, Minnesota, and St. Cloud, Minnesota. Docket 269, at ¶ 6; Docket 269-3.

## DISCUSSION

Defendants argue that plaintiffs' claims should be dismissed based upon their failure to produce responsive documents and other discovery abuses. Defendants argue that plaintiffs and their attorneys represented numerous times that all documents were made available to defendants in the January 2005 inspection. Defendants maintain that despite these representations, after new counsel for the plaintiffs was appointed, it became clear that tens of thousand of pages of documents had been withheld from defendants. Defendants also argue that at the August 2007 and September 2007 document inspections, defendants were informed for the first time that there were a substantial number of boxes which contained documents defendants had never seen. Defendants argue that because of plaintiffs' discovery tactics, they have no way of knowing whether more documents have been withheld from them.

Plaintiffs respond that the specific documents that defendants allege were not previously produced to them were in fact produced to defendants earlier. Plaintiffs assert that they have demonstrated that such documents were previously produced to defendants with reference to identification numbers and dates of production. Plaintiffs further argue that while discovery was still open, defendants failed to pursue the claims of discovery inadequacies by depositions or motions to compel production of documents.

Plaintiffs maintain that they have produced minutes from sixty board meetings or actions in lieu of board meetings even though no document request or interrogatory has sought production of board minutes.

Federal Rule of Civil Procedure 37(c) authorizes the court to impose sanctions upon parties who fail to provide information as required by Rule 26(a). Dismissing the action or proceeding in whole or in part is one of the sanctions that is available for such a discovery violation. Fed. R. Civ. P. 37(c)(1)(C). In addition to Rule 37 sanctions, " '[w]hen a litigant's conduct abuses the judicial process, . . . dismissal of a lawsuit [is] a remedy within the inherent power of the court." Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999) (quoting Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992)). Courts should use the dismissal sanction sparingly because " '[i]n our system of justice the opportunity to be heard is a litigant's most precious right.' " Id. at 1020 (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). "[T]here is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court." Id.

"The court should resort to the sanction of dismissal only when the failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner." Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 718-19 (8th Cir. 2002) (internal quotations omitted). Here, the parties dispute whether certain documents were initially disclosed to defendants in January

2005 or in August 2007. Based on the record as it exists, the court cannot determine, with any certainty, when the disputed documents were originally disclosed to defendants. But the court notes that defendants have inspected these documents, regardless of when the documents were initially made available for inspection. Further, the fact that plaintiffs have allowed defendants to inspect documents on three separate occasions and have copied and sent additional documents to defendants, is not consistent with an attempt to willfully or in bad faith deny defendants access to documents. Accordingly, the evidence is not sufficient to demonstrate that plaintiffs acted willfully and in bad faith when producing documents for defendants' inspection.

Even if plaintiffs acted willfully and in bad faith when producing documents for defendants' inspection, "[p]laintiffs' willful and bad faith conduct must also be the source of prejudice to the defendant." Hairston, 307 F.3d at 719. Here, the record does not support a finding that defendants have been prejudiced by plaintiffs' late disclosure of particular documents. Although defendants assert that plaintiffs did not disclose all of their documents at one time, nothing in the record indicates that defendants have not received all the responsive documents to their requests for production. Additionally, defendants waited until February 11, 2008, over one month after the discovery deadline, to make this motion. Docket 267. Defendants

had approximately five months from the time of their last document inspection in September 2007, until discovery closed on February 1, 2008, to address any claims of discovery inadequacies by motions to compel production of documents. Defendants chose not to do so. As such, the court finds that defendants have not been prejudiced by plaintiffs' alleged actions. Based on the foregoing, it is hereby

ORDERED that defendants' motion to dismiss (Docket 267) and defendants' motion for oral argument (Docket 298) are denied.

Dated July 18, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE